ACCEPTED
04-14-00759-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/9/2015 10:51:10 PM
KEITH HOTTLE
CLERK

CAUSE NO. 04-14-00759-CV
TRIAL COURT#2012-CI-19961

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

01/9/2015 10:51:10 PM

KEITH E. HOTTLE
Clerk

_____

## IN THE 4TH COURT OF APPEALS
## BEXAR COUNTY, TEXAS

_____

**GREGORY JACKSON**
**Appellant**

**v.**

**KEVIN CARLTON**
**Appellee**

_____

**APPELLANT'S BRIEF ON APPEAL**

_____

**SEAN KEANE-DAWES**
**Counsel for Appellant**
**118 Broadway, Suite 530**
**San Antonio, Texas 78205**
**Attorney for Gregory Jackson**

**Dated: January 9, 2015**

TABLE OF CONTENTS

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

QUESTION PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

 ANALYSIS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

**INDEX OF AUTHORITIES**

CASES

Arthur's Garage, Inc. v Racal-Chubb Sec. Sys., 997 S.W.2d 803, 812 (Tex.App.-Dallas 1999, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Southwestern Bell Tel. Co. v. FDP Corp., 811 S.W. 2d 572, 576-577 (Tex. 1991). . . . . . . . . . . 4

STATUTES

Tex. Bus. & Com. Code Section 17.50(a)(1)-(4), (h). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

OTHER AUTHORITIES

TRCP 166(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# FACTS

Gregory Jackson (hereinafter referred to as "Appellant') had been taking his W-2s and tax information to Kevin Carlton (hereinafter referred to as "Appellee') for the purpose of preparing a tax return and filing it yearly with the Internal Revenue Service (IRS) since 2005. (Clerk's Record "CR")-27. In the year 2009, appellant obtained employment with a defense contractor in Afghanistan. CR-27. Since appellant was going to be out of the country for most of the time, he had his wife, Bridget Jackson, take his tax information to appellee for the purpose of preparing and filing his tax returns. CR-27. Appellant did this for the years 2008, 2009, and 2010. CR-27. Appellee agreed to prepare and file the returns electronically. Appellee would then give appellant a copy of the filed return, and appellant would then send a check to the IRS for any tax owed.

Sometime in the year 2011, appellant received a notice from the IRS, that the payments he had made would be refunded to him because there were no tax returns to match the payments to. CR-27. Appellant immediately called the IRS office in San Antonio, and confirmed that the returns were not filed for those years. CR-27. At that point, on or about November 2011, appellant confronted appellee at his then office in the HEB building off of 410. CR-27. At that meeting, appellee assured appellant that he had indeed filed the tax returns, and there must have been some mistake made by the IRS. CR-27.

Appellant went back to the IRS office, and the agent stated that no returns were filed. Appellant then went ahead and filed his copies of those returns that appellee had given him when he had supposedly filed the originals with the IRS. CR-27. On December 13, 2012, appellant filed suit against appellee, alleging violations under the Deceptive Trade Practices

1

Act ('DTPA'), common law fraud, Negligence, Negligent Representation, and Negligent Hiring. CR-1.

Appellee filed his answer to the lawsuit, and on June 11, 2013, filed a motion for no evidence summary judgment on appellant's claims. CR-7-11. Appellant promptly filed a response to the motion, with the attached affidavits from the appellant, and his wife, Bridget Jackson. CR-21. The trial court heard the motion on July 8, 2013 by a visiting judge. Both parties were present, and made their arguments. After the hearing, the judge issued an order granting the motion as to the DTPA claims, and denied as to the negligence and fraud claims. CR-53.

The case was then set on the trial docket for September 22, 2014. CR-59. On that date, appellant appeared and announced ready for trial. Appellee did not appear, and wholly made default. A default judgment was then entered against appellee. CR-88. Appellant subsequently filed his timely appeal of the order denying his DTPA claims. CR-91.

## QUESTION PRESENTED

Whether the trial court erred in granting appellee's motion for no evidence summary judgment as to appellant's DTPA claims?

## ANALYSIS

The trial court erred in granting appellee's motion requesting dismissal of appellant's DTPA claims on the basis that there was no evidence to support that claim.

A court may grant a no evidence motion for summary judgment if the movant can show that adequate time for discovery has passed and the non-movant has no evidence to

2

support one or more essential elements of non movant's claim. TRCP 166(a)(1).

The elements for a claim under the DTPA are as follows:

1. Plaintiff is a consumer

2. Defendant can be sued under the DTPA

3. Breach of an express or implied warranty

4. Unconscionable acts

5. An act in violation of Article 21.21 of the Insurance Code; or

6. Violation of one of the tie in consumer statutes.

7. Defendant's action was a producing cause of the plaintiff's damages. Tex. Bus. & Com. Code Section 17.50(a)(1)-(4), (h).

Appellant submitted admissible evidence to support one or more of the essential elements of his claim. In response to appellee's motion, appellant filed his response. CR-21-47. In it, appellant submitted an affidavit stating that he met appellee when he found out from the IRS that they did not have his returns, that were supposedly filed by appellee. At that meeting, appellee stated that he had indeed filed the returns, and that the IRS must have made a mistake. CR-40. Appellant, again, went to the IRS to verify that the returns were not filed. Once this was verified, appellant immediately filed his copies of the 1040 tax returns for 2008, 2009, and 2010. CR-21-47. This action by appellee was a breach of an express warranty that appellee made to appellant.

Appellant is a consumer within the meaning of the DTPA because he paid appellee to prepare and file his tax returns. Appellee can be sued under the DTPA because he made a false or misleading statement that he had filed appellant's returns. This false or misleading

3

statement was a breach of an express warranty for services. <u>Southwestern Bell Tel. Co. v.</u> <u>FDP Corp.</u>, 811 S.W. 2d 572, 576-577 (Tex. 1991); <u>Arthur's Garage, Inc. v Racal-Chubb</u> <u>Sec. Sys.</u>, 997 S.W.2d 803, 812 (Tex.App.-Dallas 1999, no pet). The elements are:

1. The defendant made a representation by an affirmation of fact

2. The representation became part of the bargain

3. The defendant breached the warranty

4. Plaintiff suffered injury Id.

Here, appellee made an expressed representation that he had filed appellant's tax returns. This representation clearly became part of the bargain. Appellee breached this warranty when he failed to file appellant's tax returns. Appellant subsequently incurred penalties and interest as a result of appellee's breach of an express warranty for services. Appellant also incurred mental anguish damages as a result of appellee's actions.

Appellant submitted evidence in response to appellee's motion for no evidence summary judgment in the form of affidavits from both himself, and his wife Bridget, and the tax returns that he filed in November 2011. This evidence was on the record at the time that the motion was heard on July 8, 2013. On this basis, the trial judge erred in granting the motion as to the DTPA claim, because appellant's affidavit established that appellee made a false and misleading statement to him when he told appellant that he had filed the returns, when in fact, he had not. This was a breach of an express warranty, which appellant relied on to his detriment. Appellant suffered damages as a result from the IRS penalties and interest levied against appellant, and the mental anguish associated with the payment of those penalties.

4

.

**CONCLUSION**

The trial judge erred in granting appellee's motion for no evidence summary judgment dismissing appellant's DTPA claim. Appellant had submitted admissible summary judgment evidence in the form of affidavits and the tax returns, which were the subject of the suit. This evidence was a part of the record at the time that the judge heard the motion. The evidence presented on the record satisified all the essential elements of a DTPA claim, in particular, that appellee had breached an express warranty that was made to appellant, and on which he relied on to his detriment.

**PRAYER**

Appellant prays that this court reverse the trial court decision to grant appellee's motion for no evidence summary judgment as to the DTPA claim, and remand to the trial court so that it can be set for trial.

Respectfully submitted,

_____
/s/Sean Keane-Dawes, Esq. 01/09/15
SBN: 24036878
Attorney for Appellant

CERTIFICATE OF SERVICE

5

I hereby certify that a copy of Appellant's Appeal Brief has been delivered to the appellee, on this the 9th day of January, 2015.

_____
/s/Sean Keane-Dawes, Esq. 01/09/15